**AFFIRM; and Opinion Filed October 31, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00115-CR

**DONALD JOSEPH PAYSINGER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80121-2015**

## MEMORANDUM OPINION
Before Justices Myers, Evans, and Brown
Opinion by Justice Brown

Following a jury trial, Donald Joseph Paysinger was convicted of two counts of sexual assault of a child and four counts of indecency with a child. In this appeal, he contends the evidence is insufficient to support the jury's verdict. We affirm the trial court's judgments.

The events resulting in appellant's convictions occurred during the late spring and summer of 2014. The complainant, E.B., was fifteen years old at that time. She was described at trial as less mature than other children her age. Appellant was thirty-one, but E.B. thought he looked seventeen or eighteen. Appellant approached E.B. at a park near her home. They later exchanged "Kik" usernames and began using Kik to communicate with each other. Kik is an app for sending text messages using wi-fi instead of cellular communication. At appellant's suggestion, they started meeting at an abandoned house in E.B.'s neighborhood. Appellant said the house was

"someplace secret where no one could find" them. E.B. testified at trial about multiple sexual acts appellant committed on different days at the house, first in the side yard and later inside the house. E.B. eventually told her mother about appellant's actions, and Plano police were contacted. Police apprehended appellant by posing as E.B. on Kik and luring him out to meet her. Kik messages extracted from E.B.'s iPad were admitted into evidence at trial without objection.

When reviewing appellant's complaint about the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a factfinder was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Temple*, 390 S.W.3d at 360. The testimony of a child victim alone is sufficient to support a conviction for sexual assault of a child or indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.–Dallas 2006, pet. ref'd).

The State alleged appellant committed sexual assault of a child by (1) causing E.B.'s sexual organ to contact his sexual organ and (2) causing the penetration of E.B.'s sexual organ with his finger. *See* TEX. PENAL CODE ANN. § 22.011(a)(2). The State alleged appellant committed indecency with a child by (1) touching E.B.'s genitals with his hand, (2) touching E.B.'s breast with his hand, (3) exposing his genitals to E.B., and (4) touching E.B.'s buttocks with his sexual organ. *See id.* § 21.11(a). E.B.'s testimony provided evidence of the elements of these offenses. With one exception, appellant does not contend otherwise. Without citation to the record or authority and without argument, he asserts there is insufficient evidence that he penetrated E.B.'s sexual organ with his finger. Regarding that offense, E.B. testified that appellant approached her from behind, put his hand down her pants and underpants, and started rubbing her "lady parts"

–2–

with his fingers. The prosecutor asked if appellant rubbed "partially inside [her] vagina." E.B. answered affirmatively and said it had hurt. E.B. testified she knew appellant's finger went "inside" a little bit. Viewing this evidence in the light most favorable to the verdict, there is legally sufficient evidence of penetration. *See Vernon v. State*, 841 S.W.2d 407, 409–10 (Tex. Crim. App. 1992) (penetration includes touching that is "more intrusive than contact with [complainant's] outer vaginal lips"); *Buentello v. State*, 512 S.W.3d 508, 516 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (child's testimony that defendant touched her "on the inside," was "moving around," and hurt her provided legally sufficient evidence of penetration).

The remainder of appellant's arguments boil down to a challenge to the reliability of the State's evidence. He primarily argues that E.B.'s testimony was not credible. He contends her life was in a "period of turmoil" before she met him and suggests she lied as a result of parental pressure and the manner in which her forensic interview was handled. Appellant questions why E.B. continued to meet him and points out perceived weaknesses in her testimony, such as not being able to remember in which of the house's bathrooms appellant exposed himself. Appellant also contends the Kik messages were unreliable. He argues the State did not prove beyond a reasonable doubt that he was the person who sent every Kik message in evidence.

It was the jury's role to make credibility determinations and reconcile any conflicts in the evidence. We defer to the jury's assessment. E.B.'s testimony alone is sufficient to support appellant's convictions. We overrule appellant's sole issue.

We affirm the trial court's judgments.

Do Not Publish.
TEX. R. APP. P. 47.2(b).

180115F.U05

/Ada Brown/
_____
ADA BROWN
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

DONALD JOSEPH PAYSINGER,
Appellant

No. 05-18-00115-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 219-80121-2015.
Opinion delivered by Justice Brown,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgments of the trial court are **AFFIRMED**.

Judgment entered this 31st day of October, 2018.